Richard Mulloy (SBN 199278)
richard.mulloy@dlapiper.com
Jacob Anderson (SBN 265768)
jacob.anderson@dlapiper.com
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, California 92101-4297
Tel:  619.699.2700
Fax:  619.699.2701

Brent O. Hatch (*pro hac vice* to be filed)
bhatch@hjdlaw.com
Lara A. Swensen (*pro hac vice* to be filed)
lswensen@hjdlaw.com
**HATCH, JAMES, & DODGE, P.C.**
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Tel:  801.363.6363
Fax:  801.363.6666

Attorneys for Plaintiffs
PureCircle USA Inc. and PureCircle Sdn Bhd

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| PURECIRCLE USA INC. and PURECIRCLE SDN BHD,<br><br>Plaintiffs,<br><br>v.<br><br>SWEEGEN, INC. and PHYTO TECH CORP. d/b/a BLUE CALIFORNIA,<br><br>Defendants. | CASE NO. 8:18-CV-1679<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs PureCircle USA Inc. and PureCircle Sdn Bhd (collectively, "PureCircle"), by and through the undersigned counsel, file this Complaint for Patent Infringement relating to U.S. Patent No. 9,243,273 ("the Patent-in-Suit") against Defendants SweeGen, Inc. ("SweeGen") and Phyto Tech Corp. d/b/a Blue California ("Blue California" and, together with SweeGen, "Defendants"), and allege as follows:

/////

1

## NATURE OF ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., specifically including 35 U.S.C. § 271.

## THE PARTIES

2. Plaintiff PureCircle USA Inc. is a Delaware corporation with its principal place of business at 200 W. Jackson Blvd., 8th Floor, Chicago, Illinois 60606. PureCircle USA Inc. is a subsidiary of PureCircle Limited.

3. Plaintiff PureCircle Sdn Bhd is a Malaysian corporation with its principal place of business at Level 12, West Wing, Rohas PureCircle, No. 9 Jalan P. Ramlee, 50250 Kuala Lumpur, Malaysia. PureCircle Sdn Bhd is a subsidiary of PureCircle Limited.

4. On information and belief, SweeGen, Inc. is a corporation organized under the laws of the state of Nevada with its principal place of business at 30321 Esperanza Avenue, Rancho Santa Margarita, California, 92688.

5. On information and belief, Phyto Tech Corp. d/b/a Blue California is a corporation organized under the laws of the state of California with its principal place of business at 3011 Tomas, Rancho Santa Margarita, California, 92688.

## JURISDICTION AND VENUE

6. PureCircle's claims for patent infringement arise under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*, including 35 U.S.C. §§ 271 and 281-285.

7. This Court has subject matter jurisdiction over PureCircle's claims for patent infringement pursuant to the laws of the United States, 28 U.S.C. §§ 1331 and 1338.

8. On information and belief, Defendants transact and conduct business in this District and the State of California, and are subject to the personal jurisdiction of this Court.

9. On information and belief, SweeGen has minimum contacts within the

1  State of California and this District and has purposefully availed itself of the
2  privileges of conducting business in the State of California and in this District by,
3  *inter alia*, maintaining its principal place of business in this District, in Rancho
4  Santa Margarita, California.
5      10.    On information and belief, Blue California has minimum contacts
6  within the State of California and this District and has purposefully availed itself of
7  the privileges of conducting business in the State of California and in this District
8  by, *inter alia*, maintaining its principal place of business in this District, in Rancho
9  Santa Margarita, California.
10     11.    PureCircle's causes of action arise directly from Defendants' business
11 contacts and other activities in the State of California and in this District.
12     12.    On information and belief, Defendants have committed acts of
13 infringement, both directly and indirectly, within this District and the State of
14 California by, *inter alia*, making, using, selling, offering for sale, importing,
15 advertising, and/or promoting products in this District that infringe one or more
16 claims of the Patent-in-Suit.
17     13.    More specifically, Defendants, directly and/or through intermediaries,
18 use, sell, ship, distribute, offer for sale, advertise, and otherwise promote their
19 products in the United States, the State of California, and this District.
20     14.    On information and belief, Defendants solicit customers in the State of
21 California and this District, and have customers who are residents of the State of
22 California and this District and who use Defendants' products in the State of
23 California and in this District.
24     15.    On information and belief, each of the Defendants has a regular and
25 established place of business in this District.
26     16.    On information and belief, SweeGen's principal place of business is
27 located in this District at 30321 Esperanza Avenue, Rancho Santa Margarita,
28 California, 92688.

17. On information and belief, Blue California's principal place of business is located in this District at 3011 Tomas, Rancho Santa Margarita, California, 92688.

18. Venue is proper in this District pursuant to 28 U.S.C. §1400(b) because, on information and belief, the Defendants committed acts of infringement and have regular and established places of business in this District.

## THE PATENT-IN-SUIT

19. PureCircle Sdn Bhd owns by assignment the entire right, title and interest in the Patent-in-Suit, which is entitled "Method for Making Rebaudioside X."

20. The Patent-in-Suit issued on January 26, 2016 to inventors Avetik Markosyan, Cyrille Jarrin, Patrick Robe, Rob ter Halle, Indra Prakash, and Venkata Sai Prakash Chaturvedula from United States Patent Application No. 14/469,076, filed August 26, 2014.

21. A true and correct copy of the Patent-in-Suit is attached as **Exhibit A** to this Complaint.

22. PureCircle Sdn Bhd conducts all business related to the Patent-in-Suit in the United States through PureCircle USA Inc. PureCircle USA Inc. is the exclusive licensee with rights to sell products practicing the Patent-in-Suit.

23. The Patent-in-Suit has claims directed to a method for making Rebaudioside X. The method involves the conversion of Rebaudioside D to Rebaudioside X using an enzyme called UDP-glucosyltransferase. Rebaudioside X is also known as Rebaudioside M.

24. Rebaudioside X is a sweetener derived from the stevia plant, used as a sugar substitute in beverages, dairy products, and other consumables.

## FACTUAL BACKGROUND

25. Since its founding in 2002, PureCircle Limited, the parent of PureCircle Sdn Bhd and PureCircle USA Inc., has been the industry pioneer in

large-scale high-purity stevia ingredient production and commercialization.

26. PureCircle products are derived from the stevia plant, which contains over 40 naturally occurring molecules known as steviol glycosides that can be extracted for use in sweeteners and as flavor modifiers.

27. The success of PureCircle Limited and its subsidiaries is the result of innovation at every stage of the supply chain, from developing high-yield varieties of the stevia plant to developing sophisticated processes to extract and modify the steviol glycosides for specific food and beverage applications.

28. PureCircle Limited and its subsidiaries work with leading companies in the food and beverage industries to investigate new stevia-derived ingredients for application in food and beverage products. In addition, PureCircle founded the Global Stevia Institute, now known as the PureCircle Stevia Institute ("PCSI"), an organization that is based in the United States and run by Dr. Priscila Samuel, PureCircle's Director of PCSI and Scientific and Regulatory Affairs. The PureCircle Stevia Institute provides science-based information about stevia, serving as an educational resource for health professionals, manufacturers and the general public.

29. In 2008, as a result of the efforts of PureCircle Limited, Rebaudioside A ("Reb A"), a high-purity stevia ingredient, was approved as a food ingredient by the U.S. Food and Drug Administration ("FDA") and by the World Health Organization. The market has continued to open since that time, with regulatory approvals having been obtained in the European Union, Australia, New Zealand, Canada, Turkey, Russia, South Africa, Pakistan, India, Brazil, and many other countries. More than 5 billion consumers now live in markets where stevia-derived ingredients have been approved as a food and beverage ingredient.

30. In 2013, as a result of the efforts of PureCircle USA Inc., the FDA issued Generally Recognized as Safe ("GRAS") No Objection Letters for the use of PureCircle Rebaudioside D ("Reb D") and Rebaudioside M ("Reb M") as general-

purpose sweeteners in 2014 for food and beverages.

31. PureCircle protected its innovative processes and compositions by, among other things, filing and procuring patents. PureCircle currently owns or co-owns 77 U.S. patents, including the Patent-in-Suit. The company's portfolio includes 91 commercial stevia-derived ingredients and 304 custom stevia-derived ingredients. The custom ingredients can be combined to optimize processing, flavor and other qualities in particular products.

32. On information and belief, Defendants developed products that incorporate, without license, technologies protected by the Patent-in-Suit.

33. On February 21, 2017, SweeGen announced the commercialization of its "Bestevia" Rebaudioside M with a major global beverage company. SweeGen described the process for making Bestevia as a "proprietary and patent-pending bioconversion" and also as an "enzymatic conversion."

34. According to SweeGen's website, http://www.sweegen.com/technology/, SweeGen has an "exclusive license agreement in the sweetener space with R&D powerhouse CONAGEN." According to the SweeGen website, http://www.sweegen.com/technology/#proprietary, SweeGen's proprietary process for making Rebaudioside M is licensed from Conagen Inc. ("Conagen"), in an exclusive-license arrangement.

35. On information and belief, Conagen is the named assignee of U.S. Patent No. 10,023,604 ("the '604 patent"), entitled "Non-caloric sweeteners and methods for synthesizing," which claims "[a] method of producing synthetic rebaudioside M, the method comprising: incubating an in vitro reaction mixture comprising rebaudioside D, uridine diphosphate-glucose (UDP-glucose), and a UGT76G1 UDP-glycosyltransferase-sucrose synthase fusion enzyme comprising the amino acid sequence of SEQ ID NO: 9 for a sufficient time to completely convert the rebaudioside D to synthetic rebaudioside M." The '604 patent issued on July 17, 2018.

36. On information and belief, the proprietary process that SweeGen refers to on its website for making its Bestevia product and any other Rebaudioside M products, and for which it has an exclusive license from Conagen, is the process described in claim 1 of the '604 patent.

37. The method claimed in the '604 patent practices the inventions claimed in the Patent-in-Suit.

38. On August 9, 2016, Defendant Blue California submitted a petition to the FDA seeking a GRAS No Objection Letter for its Rebaudioside M, assigned GRAS Notice (GRN) No. 667. The petition stated that two UGT enzymes from certain yeast strains "carry out multiple steps of glucose addition to naturally occurring steviol glycosides, eventually converting them to Reb M." Blue California represented in the petition that it "uses" the process described in the petition "to manufacture high purity rebaudioside M." On March 2, 2017, SweeGen announced that the FDA had issued a GRAS No Objection Letter for Bestevia.

39. According to Blue California's GRAS Notice (GRN) No. 667, its Bestevia product contains Rebaudioside M at a purity of greater than 95%.

40. According to Blue California's GRAS Notice (GRN) No. 667, SweeGen completely converts Rebaudioside D to Rebaudioside M. On information and belief, Defendants' products using this process infringe the Patent-in-Suit.

41. In order to protect its substantial investments in research and development, it has become necessary for PureCircle to defend against this unlawful use of its patented technology by Defendants.

## COUNT I

## Defendants' Infringement of the Patent-in-Suit

42. PureCircle repeats and realleges paragraphs 1-41 above as if fully set forth herein.

43. On information and belief, Defendants are making, using, offering to sell, selling and/or importing into the United States products that infringe at least

1  claims 1-14 of the Patent-in-Suit, including but not limited to "Bestevia"
2  Rebaudioside M.
3    44. On information and belief, "Bestevia" Rebaudioside M (also known as
4  Rebaudioside X) is made by converting Rebaudioside D to Rebaudioside X using a
5  UDP-glucosyltransferase.
6    45. On information and belief, the conversion of Rebaudioside D to
7  Rebaudioside X during the making of "Bestevia" Rebaudioside M is at least about
8  50% complete.
9    46. The following chart compares exemplary claim 1 to SweeGen's process
10 for making Rebaudioside M, based on the '604 patent process and GRAS Notice
11 (GRN) No. 667:

| CLAIM 1 | SWEEGEN PROCESS FOR BESTEVIA |
|---|---|
| A method for making Rebaudioside X comprising | Bestevia contains greater than 95% Rebaudioside M. Rebaudioside X and Rebaudioside M are synonyms.<br><br>The '604 patent states: "[a] method of producing synthetic rebaudioside M, the method comprising:" |
| a step of converting Rebaudioside D to Rebaudioside X | The '604 patent states: "incubating an in vitro reaction mixture comprising rebaudioside D … for a sufficient time to completely convert the rebaudioside D to synthetic rebaudioside M." |
| using a UDP-glucosyltransferase, | The '604 patent states: "incubating an in vitro reaction mixture comprising … a UGT76G1 UDP-glycosyltransferase-sucrose synthase fusion enzyme …."<br><br>GRAS Notice (GRN) No. 667 states that SweeGen "uses … to manufacture … rebaudioside M (Reb-M 95%) … uridine 5'-diphospho-glucoronsyltransferase (UGT) enzymes …." |
| wherein the conversion of Rebaudioside D to Rebaudioside X is at least about | The '604 patent states: "… for a sufficient time to completely convert the |

| CLAIM 1 | SWEEGEN PROCESS FOR BESTEVIA |
|---|---|
| 50% complete. | rebaudioside D to synthetic rebaudioside M." GRAS Notice (GRN) No. 667 includes chromatograms showing that all of the Rebaudioside D has been converted to Rebaudioside M, with no traces of Rebaudioside D visible in the chromatogram. |

47. On information and belief, Defendants have induced and will continue to induce the infringement of one or more claims of the Patent-in-Suit, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting others (such as their customers who incorporate "Bestevia" Rebaudioside M into products) to infringe the Patent-in-Suit with the specific intent to encourage their infringement, through activities such as marketing Defendants' products and working with customers to incorporate "Bestevia" Rebaudioside M into products.

48. On information and belief, the Defendants contribute to the infringement of one or more claims of the Patent-in-Suit, in violation of 35 U.S.C. § 271(c), by, among others, customers who incorporate "Bestevia" Rebaudioside M into products, because Defendants know that "Bestevia" Rebaudioside M embodies a material part of the claimed inventions of the Patent-in-Suit, that they are specially made or specially adapted for use in an infringement of the claims, and that they are not staple articles of commerce suitable for substantial non-infringing use.

49. On information and belief, Defendants are making, using, offering to sell, selling and/or importing into the United States products, including but not limited to "Bestevia" Rebaudioside M, that are made using the process recited in at least claims 1-14 of the Patent-in-Suit, in violation of 35 U.S.C. § 271(g).

50. PureCircle has been damaged by Defendants' infringement and has suffered and will continue to suffer irreparable injury for which there is no adequate

remedy at law, unless Defendants are enjoined by this Court.

## COUNT II

### Defendants' Willful Infringement of the Patent-in-Suit

51. PureCircle repeats and realleges paragraphs 1-50 above as if fully set forth herein.

52. On information and belief, Defendants' past and continuing infringement has been deliberate and willful. This case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees to PureCircle pursuant to 35 U.S.C. § 285.

53. In Blue California's GRAS Notice (GRN) No. 677, Blue California states, in justifying the safety of its manufacturing process:

> Manufacturing processes for stevia-derived sweeteners have been described in the published scientific and patent literature. These processes are summarized below.
>
> …
>
> More recently, novel process for conversion of steviol glycosides have been described in the scientific literature. The use of uridine 5'-diphospho-glucuronosyltransferase (UGT) enzymes from the Saccharomycetaceae family have been used in a variety of process to chemically incorporate glucose molecules into a variety of substances.

54. On information and belief, the only prior patent literature describing how to make Rebaudioside M using UGT enzymes is the Patent-in-Suit.

55. In prosecuting its own '604 patent, Conagen, from whom SweeGen licensed its patents, provided the PCT version of the Patent-in-Suit—WO2013/176738—to the Patent Office. On information and belief, SweeGen's officers, including CEO Steven Chen and Director Xiaodan Yu, were or are also officers of Conagen. Xiaodan Yu is also a named inventor on the '604 patent.

56. Thus, on information and belief, through either Mr. Chen or Mr. Yu, in their roles as officers of Conagen or as a named inventor of the '604 patent, knew of the Patent-in-Suit through the prosecution of the '604 patent.

57. On information and belief, through their roles as officers of SweeGen, either Mr. Chen or Mr. Yu brought their knowledge of the Patent-in-Suit to SweeGen.

58. On information and belief, Conagen is owned by SweeGen's majority shareholder.

59. On information and belief, Blue California is an affiliate of SweeGen. On information and belief, Blue California is controlled by SweeGen's majority shareholder.

60. On information and belief, after receiving actual knowledge of the Patent-in-Suit, Defendants have continued to make, use, sell, offer for sale, and/or import infringing products into the United States despite knowing that there was an objectively high likelihood of infringement of the Patent-in-Suit.

61. On information and belief, to the extent Defendants did not know of the objectively high likelihood of infringement, it was so obvious that it should have been known to Defendants.

62. At a minimum, Defendants had actual knowledge of the Patent-in-Suit since at least as of the date they were served with this Complaint, and at least since that date have had actual knowledge that one or more of their products infringes one or more claims of the Patent-in-Suit.

## **PRAYER FOR RELIEF**

WHEREFORE, PureCircle demands judgment against Defendants:

A. Entering judging declaration that Defendants have, directly and/or indirectly, infringed the Patent-in-Suit in violation of 35 U.S.C. § 271;

B. Issuing a permanent injunction enjoining Defendants and their agents, attorneys, servants, successor, assigns, employees and any and all parties acting in concert with any of them from directly and/or indirectly infringing in any manner the Patent-in-Suit;

C. Ordering that PureCircle be awarded damages in an amount to be

determined at trial, to compensate PureCircle for the infringement of the Patent-in-Suit under 35 U.S.C. § 284, together with costs and pre-judgment and post-judgment interest;

  D. Entering judgement declaring that Defendants' conduct was willful and awarding PureCircle treble or other enhanced damages pursuant to 35 U.S.C. § 284;

  E. Declaring that this case is exceptional, and awarding PureCircle its reasonable attorneys' fees and expenses against Defendants pursuant to 35 U.S.C. § 285;

  F. Awarding PureCircle other fees, costs, and/or expenses and such other relief as this Court may determine to be just and equitable.

## JURY DEMAND

PureCircle demands a trial by jury on all matters alleged herein in accordance with the Seventh Amendment to the U.S. Constitution and Rule 38(b) of the Federal Rules of Civil Procedure.

Dated:  September 17, 2018

        DLA PIPER LLP (US)


        By: */s/ Richard Mulloy*
         Richard Mulloy (SBN 199278)
         richard.mulloy@dlapiper.com
         Jacob Anderson (SBN 265768)
         jacob.anderson@dlapiper.com

         HATCH, JAMES & DODGE
         Brent O. Hatch (*pro hac vice to be filed*)
         Lara A. Swensen (*pro hac vice to be filed*)

         Attorneys for Plaintiffs
         PURECIRCLE USA INC. and
         PURECIRCLE SDN BHD